IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PREMIER GOLF MISSOURI, LLC, | ) | Case No.  09-44526-11 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS
PURSUANT TO 11 U.S.C. § 363(c)(2) and FED. R. BANKR. P. 4001(d), AND GRANT
<u>ADEQUATE PROTECTION PUSUANT TO 11 U.S.C. § 361</u>**

COMES NOW, Premier Golf Missouri, LLC, the Debtor and Debtor in Possession (the "Debtor") by and through its undersigned counsel hereby moves for authority to use cash collateral to grant protection on the following grounds:

1. On September 17, 2009, Debtor filed a Voluntary Petition for reorganization under Chapter 11 of the Bankruptcy Code.  The Debtor has continued the possession of its property and desires to operate its business and reorganize.

2. Debtor has conducted negotiation with Bank Midwest, N.A., its only secured creditor (the "Bank") for use of cash collateral.

3. As of the Petition date, the outstanding principal balance on the secured debt from the Bank is $3,685,474.90.  The loan is secured by a first Deed of Trust on the Debtor's real estate along with a first position UCC security interest on almost all of the Debtor's personal property.

4. The Bank has agreed to allow Debtor to use cash collateral pursuant to the terms of a budget for expenses.  Debtor has agreed that the Debtor shall not through a particular month exceed the budget amount for any particular line item of operative expenses by more than 5% or the aggregate budget amount of operative expenses for any particular month by more than 5%

without prior written approval by the Bank, or as otherwise authorized by the Court. In order to provide the Bank with adequate protection, Debtor has agreed to pay 90% of all cash collateral received each month in excess of the budget to the Debtor to be applied against the Bank's indebtedness.

5. It is in the best interest of the Debtor and the estate to authorize the use of cash collateral immediately upon filing so that Debtor may continue to meet its obligations and purchasing needs on a current basis in order to continue to operate the golf club. As further adequate protection, Debtor requests that it be allowed to grant a security interest for the benefit of the Bank on all post-petition accounts receivable, inventory an all other personal property to the extent provided pre-petition.

6. Debtor further requests that the Court conduct a preliminary hearing and approve those use cash collateral on an interim basis, and that the Court conduct the final hearing on the Motion for Authorization to use cash collateral fifteen (15) days after service of the Motion.

WHEREFORE, Debtor respectfully requests that an Order be entered:

A. Authorizing Debtor to use cash collateral;

B. Authorizing the Debtor to grant liens on property of the state consisting of granting post-Petition liens on all collateral subject to liens that are granted by the Debtor pre-Petition.

Respectfully submitted,

**DUNN & DAVISON, LLC**

*/s/  Thomas G. Stoll*
Thomas G. Stoll, MO Bar # 34057
1100 Walnut, Suite 2900
Kansas City, MO  64106
(816) 292-7600 Telephone
(816) 292-7601 Facsimile
tstoll@dunndavison.com
ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was, on this 17th day of September, 2009, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice and by U.S. Mail, postage prepaid, to the following:

| | |
|---|---|
| Mark A. Shaiken, Esq.<br>Stinson Morrison Hecker, LLP<br>1201 Walnut St.<br>Kansas City, Missouri 64106<br>*Attorneys for Bank Midwest, N.A.* | Office of the U.S. Trustee<br>400 E. 9th Street<br>Room 3440<br>Kansas City, Missouri 64106 |

The 20 largest Unsecured Creditors

/s/ *Thomas G. Stoll*
Thomas G. Stoll

3