IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PREMIER GOLF MISSOURI, LLC, | ) | Case No. 09-44526-11 |
| | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO AMEND ORDER**

COMES NOW, Premier Golf Missouri, LLC, the Debtor herein, and hereby files this Motion to amend an Order entered on December 8, 2009. In support of this Motion, Debtor states as follows:

1. On December 8, 2009 the Court entered an Order granting the Motion to Reject Alleged Executory Contract filed by the Debtor (Document 108).

2. The Order granted a Motion filed by the Debtor on October 13, 2009 (Document No. 39) to reject a certain Real Estate Sale Contract with Staley Land Company, LLC ("Staley") dated March 1, 2005 (the "Sale Contract") with respect to the real property commonly referred to by the parties as Phase III property.

3. The Sale Contract included a Second Amendment dated March 2, 2006 which created certain obligations on part of Staley to provide public access to the Phase III Property through the Phase II Property owned by Staley, and to otherwise complete the installation of a publicly dedicated street (the "Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit "A".

4. In accordance with the Amendment, Staley granted public access to the Phase III Property through the Phase II Property pursuant to an Access Easement dated August 7, 2007 (the "Easement"). A true and correct copy of said Easement is attached hereto as Exhibit "B".

5.      In connection with the closing of the sale of the Phase III Property, Debtor was informed this week by officials with City Planning and Development Department for the City of Kansas City, Missouri that the Easement does not meet the zoning requirements for a public street. The City requires that the dedication of public access be made by way a right-of-way deed rather than through an easement agreement. Debtor further discovered that the installation of the public street as required by the Amendment is a short of the Phase III Property line.  This public access issue was not known to the Debtor until this last week and apparently is the result of an oversight by Staley.

6.      Accordingly, the Debtor requests that the Order Terminating the Sale Contract be amended as allowed under Federal Rules 59(e) and 60(b), made applicable by Bankruptcy Rules 9023 and 9024, to provide that the Sale Contract remain in effect for the limited purpose of requiring Staley under the Amendment to correct this public access problem. Debtor is requesting that Staley provide a Warranty Deed in the form as attached hereto as Exhibit "C" to provide for the public dedication of the right-of-way, and for Staley to otherwise complete the installation of the publicly dedicated street through the Phase II Property up to the Phase III Property line.  Said Warranty Deed is the form document used by the City for this purpose.

7.      The Amendment provides a specific remedy to repurchase the undeveloped portion of the Phase II Property if Staley does not perform its obligations under the Amendment. The Debtor requests that the amended order further provide that this remedy remain available to Debtor while the access problem is being corrected. The Sale Contract would otherwise remain terminated.

WHEREFORE, Debtor respectfully requests that the Court amend the Order in accordance with this Motion.

Respectfully submitted,

**DUNN & DAVISON, LLC**

*s/ Thomas G. Stoll*
Thomas G. Stoll, MO Bar # 34057
1100 Walnut, Suite 2900
Kansas City, MO 64106
(816) 292-7600 Telephone
(816) 292-7601 Facsimile
tstoll@dunndavison.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was, on this 18th day of December, 2009, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice.

*s/ Thomas G. Stoll*
Thomas G. Stoll
