IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI – KANSAS CITY

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| IN RE: PREMIER GOLF MISSOURI, LLC | ) | Case No. 09-44526-11 |
|  | ) | Chapter 11 |

**MOTION TO DISMISS CONVERT CHAPTER 11 CASE AND REQUEST THAT A HEARING ON THIS MOTION BE CONDUCTED ON FEBRUARY 3, 2010**

Bank Midwest, N.A. (the "Bank") hereby files its Motion to Dismiss this Chapter 11 Case and in support thereof, states the following:

1. On September 27, 2009 (the "Commencement Date") the above-captioned debtor (the "Debtor") filed its voluntary petition under chapter 11 of the United States Bankruptcy Code and thereby commenced this bankruptcy case (the "Bankruptcy Case").

2. The Debtor owns and operates a golf course in Clay County, Missouri.

3. The Debtor's principal assets consist of the golf course real estate and the revenues generated therefrom (the "Assets").

4. The Bank is a secured creditor, and after application of the recent sale proceeds to the Bank's debt, is still owed in excess of $2.5 million secured by a valid and perfected first priority security interest in and lien on all of the Debtor's remaining real estate and personal property. The Bank's claim is reflected in its proof of claim no. 14-1 filed in this case (the "Claim").

5. Pursuant to §1112(b)(1) of the Bankruptcy Code, if the Bank establishes "cause," the Court is required to dismiss this Chapter 11 case or convert it to a case under Chapter 7, whichever is in the best interests of creditors and the estate.

6. Section 1112(b)(4) of the Bankruptcy Code contains a non-exclusive list of matters that constitute "cause." As set forth hereafter, there are several grounds for dismissal.

## NO ABILITY TO REORGANIZE

7. "Cause" includes the absence of a reasonable likelihood of rehabilitation. See §§1112(b)(4)(A) of the Bankruptcy Code.

8. Here, the Debtor has no likelihood of rehabilitation, cannot confirm a Plan, and has no buyer ready, willing and able to purchase the golf course.

9. The Debtor has operated pursuant to a cash collateral order (doc. 22) as renewed during this case (the "Cash Collateral Order").

10. Pursuant to the Cash Collateral Order, the Debtor has provided "projections" of revenues and expenses, and at the same time, has provided reports of its actual performance.

11. Based on the Debtor's historical and current actual performance, the Debtor's projections constitute euphoric optimism, and are not achievable. Rather, based on actual performance and its history, it is mathematically impossible for the Debtor to pay the Bank's claim over any reasonable period of time with an interest component. Simply, the Debtor does not generate sufficient funds to pay the Bank, operate, and pay its other debts. Indeed, the Debtor barely generates sufficient funds to make interest-only payments to the Bank, and its operating budget is suspect.

12. Consequently, the Debtor simply cannot confirm a plan to repay its principal secured creditor in a chapter 11 plan.

13. In addition, the Debtor has substantial unsecured claims, listed in its schedules in an amount in excess of $4 million.

14. In addition to the scheduled unsecured claims, as the court is aware, the Debtor commenced this case to "manage" litigation in which it was embroiled with Staley Land Company in Clay County, Missouri. Substantial litigation remains to determine breach of contract claims and damages, and any damage claim in favor of Staley Land Company would be an unsecured claim have to be paid in a plan. This litigation could result in even greater unsecured claims than those listed in the schedules.

15. Thus, not only would a plan have to pay over $4 million to the unsecured creditors listed in the Debtor's schedules, it may also have to pay substantial damage claims to Staley Land Company, LLC. With such substantial unsecured claims, it is highly unlikely that the Debtor could ever satisfy the requirements of § 1129(b)(2)(B) of the Bankruptcy Code with respect to unsecured creditors and as a consequence could not confirm a plan.

16. Accordingly, there is no possibility that the Debtor can reorganize or rehabilitate within the meaning of § 112(b)(4)(A).

## **GROSS MISMANAGEMENT**

17. Pursuant to § 1112(b)(4)(B) of the Bankruptcy Code, cause includes gross mismanagement.

18. Here, the Bank suggests that the Debtor's ownership is not up to the task of managing a golf course operation of this magnitude and has exhibited conduct that constitutes gross mismanagement.

3

19. On information and belief, the Debtor's principal has recently pled guilty to a felony count of stealing water – apparently millions of dollars of water -- in part to water the golf course.  If the Debtor had paid for the water all along, it would have long ago failed and had to close its doors.  The Bank suggests that the felony involved is a text book example of gross mismanagement – stealing to keep the Debtor's operations going – and under § 1112(b)(4)(B) of the Bankruptcy Code, is a clear example of gross mismanagement.

## ADDITIONAL GROUNDS

20. Finally, the examples of "cause" in § 1112 of the Bankruptcy Code are not an exclusive list.  In this case, the Bank suggests that there is additional cause for dismissal -- the manner in which the sale of the 38 acres of land was conducted and the notion that the Bankruptcy Case would somehow be a vehicle to resolve disputes with Staley Land Company.

21. The Bank will not rehash the many events leading to the sale of the 38 acres.  Rather, the Court order (doc. 123) recounts the many unusual events that led up to the sale of the 38 acres of land in this case, some of which could be support the appointment of a chapter 11 trustee if there were funds to pay a trustee.

22. In addition, since the commencement of this case, the Debtor does not appear to have done anything to resolve its disputes with Staley Land Company.  As a result, before a determination could be made as to whether a plan was feasible under § 1129(a)(11) of the Bankruptcy Code, either this Court in the claims objection process, or the Clay County court, would have to determine how much money Staley Land is owed, if any.  That process has not even begun in this Court and has been stayed in Clay County since September when this chapter 11 case was filed.

4

23. Moreover, the water crime described above apparently has resulted in the Debtor owing over $200,000 in fines to governmental authorities. Yet, the Debtor does not appear to have a plan to recover such fines from its principal who caused the crime to occur.

24. The Bank submits that these additional grounds constitute cause for dismissal of this case. Moreover, the Bank submits that there are no unusual circumstances presented in this case, and as a result, under §§ 1112(b)(1) and (4) of the Bankruptcy Code, dismissal or conversion of this case is mandated.

25. Finally, the Bank suggests that dismissal, rather than conversion, is the more appropriate remedy. In light of the above facts, this is not a proper title 11 case. Therefore, pursuant to §1112(b)(1) of the Bankruptcy Code, the Bank submits that the Court should dismiss this Chapter 11 case.

## REQUEST FOR HEARING SETTING

26. The Bank requests that the Court take up this Motion on February 3, 2010 at 1:30 p.m. when it conducts its status conference on this case.

WHEREFORE, for the reasons set forth herein, Bank Midwest, N.A. prays that the Court enter an order that dismisses this Chapter 11 case and grants such other and further relief as is just.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: /s/ Mark Shaiken
Mark A. Shaiken MO # 42113
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
mshaiken@stinson.com

                                                  ATTORNEYS FOR BANK MIDWEST, N.A.

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 11, 2010 a true and correct copy of the foregoing document was served by ECF on all parties receiving such notice in this case.

                                                  /s/ Mark Shaiken
                                                  Attorneys for Bank Midwest, N.A.

DB04/502664.0052/2290030.2 PF06DB03/802593 0011/7530176.1