## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 09-44526-11 |
| PREMIER GOLF MISSOURI, LLC, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

## DEBTOR'S PLAN OF REORGANIZATION

Premier Golf Missouri, LLC (the "Debtor") files and proposes this First Amended Plan of Reorganization (the "Plan") to resolve the outstanding obligations to its creditors. Reference is made to the Debtor's Disclosure Statement, which discusses the Debtor's businesses, assets and liabilities and which contains a summary of the Plan.

Dated: February 1, 2010

**Table of Contents**

Page

ARTICLE 1 - DEFINITIONS ....................................................................................................1

  1.1 Defined Terms ......................................................................................................................1

  1.2 Undefined Terms ...................................................................................................................5

ARTICLE 2 – UNCLASSIFIED ALLOWED CLAIMS AND THEIR TREATMENT ................6

  2.1 Administrative Allowed Claims and Expenses .....................................................................6

ARTICLE 3 – CLASSIFIED ALLOWED CLAIMS ...................................................................7

  3.1 General ...................................................................................................................................7

  3.2 Classed of Allowed Claims ...................................................................................................7

ARTICLE 4 – TREATMENT OF CLASSIFIED ALLOWED CLAIMS .....................................9

  4.1 General ...................................................................................................................................9

  4.2 Classes of Allowed Claims ...................................................................................................9

ARTICLE 5 – TREATMENT OF EQUITY INTERESTS ........................................................11

ARTICLE 6 –GOVERNACE OF THE DEBTOR ...................................................................12

ARTICLE 7 –DISCHARGE OF CLAIMS AND DEBTS ........................................................12

  7.1 Discharge of Claims and Debts ..........................................................................................12

  7.2 Effect of Discharge .............................................................................................................12

ARTICLE 8 –EXECUTORY CONTRACTS ..........................................................................13

  8.1 Assumption ..........................................................................................................................13

ARTICLE 9 –MEANS FOR EXECUTION OF THE PLAN ....................................................13

  9.1 Operation of the Debtor's Business ....................................................................................13

  9.2 Funds to Carry Out the Plan ...............................................................................................14

ARTICLE 10 –MODIFICATION OF PLAN ...........................................................................14

  10.1 Amendments Prior to Confirmation Date .........................................................................14

  10.2 Amendments After Confirmation ......................................................................................14

  10.3 Effect on Claims ...............................................................................................................14

ARTICLE 11 –JURISDICTION OF BANKRUPTCY COURT ................................................15

  11.1 Retention of Jurisdiction by the Bankruptcy Court ...........................................................15

ARTICLE 12 –GENERAL PROVISIONS .............................................................................17

  12.1 Notices ..............................................................................................................................17

12.2 Headings...............................................................................................................17

12.3 Severability...........................................................................................................18

12.4 Governing Law......................................................................................................18

12.5 Successors and Assigns........................................................................................18

## ARTICLE 1- DEFINITIONS

1.1    <u>Defined Terms</u>.  The following terms used in the Plan shall, unless the context otherwise clearly requires, have the meanings specified below, and such meanings shall be equally applicable to both the singular and plural forms of such terms.

1.1.1  "Allowed Claim" means a Claim against the Debtor to the extent it has not been withdrawn, paid in full or otherwise deemed satisfied in full and:

(i)  No proof of such Claim has been timely filed or deemed timely filed in the Reorganization Case and the Claim has been scheduled by the Debtor as other than contingent, unliquidated or Disputed and the Claim is not a Disputed Claim or the Claim is a Disputed Claim that has been Resolved as qualifying as an Allowed Claim; or

(ii)  Proof of such Claim has been timely filed or deemed timely filed in the Reorganization Case and the Claim is not a Disputed Claim or the Claim is a Disputed Claim that has been Resolved as qualifying as an Allowed Claim; or

(iii)  Such Claim is listed in a "Schedule of Allowed Claims" filed with the Bankruptcy Court on or before the Effective Date.

1.1.2  "Bankruptcy Code" means Title 11 of the United States Code, as amended.

1.1.3  "Bankruptcy Court" means the unit of the United States District Court for the Western District of Missouri known as the Bankruptcy Court for that District or such other court of competent jurisdiction exercising jurisdiction over the Reorganization Case.

1.1.4    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure prescribed by the Supreme Court and reported to Congress pursuant to 28 U.S.C. § 2075, as amended.

1.1.5    "Cash" means currency, check, draft, wire transfer and other similar forms of payment.

1.1.6    "Claim" has the meaning set forth in § 101(5) of the Bankruptcy Code with respect to the Debtor.

1.1.7    "Claimant" means any person, entity or governmental unit asserting a Claim against the Debtor.

1.1.8    "Class" means one of the Classes of Allowed Claims in the Plan

1.1.9    "Confirmation Date" means the date on which the Confirmation Order is entered by the Clerk of the Bankruptcy Court in the docket for the Reorganization Case, unless otherwise ordered by the Bankruptcy Court or such other court of competent jurisdiction exercising jurisdiction over the matters set forth in the Confirmation Order.

1.1.10    "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

1.1.11    "Debtor" collectively means Premier Golf Missouri, LLC, in its capacity as Debtor and Debtor in Possession under Chapter 11 of the Bankruptcy Code.

1.1.12    "Disclosure Statement" means the Disclosure Statement dated _____, 2010.

1.1.13    "Disputed Claim" means a Claim against the Debtor to the extent such Claim has not been withdrawn and with respect to which an objection to such Claim has been or may be filed in the Reorganization Case before or after the Effective Date and:

(i)    If no objection to such Claim has been filed in the Reorganization Case:

(a)    Proof of such Claim has been timely filed or deemed timely filed in the Reorganization Case, the Claim has not been scheduled by the Debtor and the Claim has not been Resolved as qualifying as an Allowed Claim; or

(b)    Proof of such Claim has been timely filed or deemed timely filed in the Reorganization Case, the Claim has been scheduled by the Debtor as contingent, unliquidated or Disputed and the Claim has not been Resolved as qualifying as an Allowed Claim; or

(c)    Proof of such Claim has been timely filed or deemed timely filed in the Reorganization Case, the Claim has been scheduled by the Debtor in an amount that is less than or of a priority different than is set forth in the Proof of Claim and the Claim has not been Resolved as qualifying as an Allowed Claim, or

(d)    Such Claim is to be treated as a Disputed Claim in accordance with the Plan and has not been Resolved as qualifying as an Allowed Claim; or

(e)    Such Claim is listed in a "Schedule of Disputed Claims" filed with the Bankruptcy Court on or before the Effective Date and has not been Resolved as qualifying as an Allowed Claim; or

3

(ii)   If an objection to such Claim has been filed in the Reorganization Case, the Claim has not been Resolved as qualifying as an Allowed Claim.

(iii)   Unsecured claims consisting of judgments being appealed and pending lawsuits are all disputed.

1.1.14   "Effective Date" means the first business day following the tenth day after the Confirmation Date, computed in accordance with Bankruptcy Rule 9006(a).

1.1.15   "Estate" means the Estate created upon the commencement of the Debtor's Chapter 11 case pursuant to § 541(a) of the Bankruptcy Code.

1.1.16   "Final Order" means an order or judgment of the Bankruptcy Court, as entered by the Clerk of the Bankruptcy Court on a docket in or related to the Reorganization Case, or an order or judgment of another court of competent jurisdiction that the Bankruptcy Court has specifically permitted to proceed to such order or judgment as entered by the Clerk of such court on the appropriate docket, the effect of which has not been stayed and as to which the time to appeal or petition for review or rehearing  has expired and from which no appeal or petition for review or rehearing was filed or from which any appeal or petition for review has been finally determined or dismissed.

1.1.17   "Interest" means the rights and Interests of the holder of an equity Interest with respect to the Debtor.

1.1.18   "Lien" means an indenture, as defined in § 101(28) of the Bankruptcy Code; a judicial lien, as defined in § 101(36) of the Bankruptcy Code; a lien as defined in § 101(37) of the Bankruptcy Code; a security interest, as defined in § 101(51) of the Bankruptcy

4

Code; a statutory lien, as defined in § 101(53) of the Bankruptcy Code; and any other lien, interest, charge or encumbrance.

1.1.19  "Net Cash Flow" means the gross revenues from the Debtor's business less the sum of the operating expenses (including taxes, insurance, maintenance, capital repairs and reasonable reserves) and the periodic payments due on a current basis under the Plan to Classes 1 through 7.

1.1.20  "Petition Date" means September 17, 2009, on which date Debtor filed its Reorganization Case.

1.1.21 "Plan" means this Plan of Reorganization, dated _____, 2010, as may be amended or modified by the Debtor in accordance with the Plan, the Bankruptcy Code or the Bankruptcy Rules.

1.1.22  "Resolved" means with reference to a Disputed Claim, the withdrawal of such Disputed Claim, the estimation of such Disputed Claim for purposes of distribution under the Plan pursuant to a Final Order or the Plan or the allowance of such Disputed Claim pursuant to a Final Order or the Plan or the disallowance of such Disputed Claim pursuant to a Final Order or the Plan.

1.2  Undefined Terms.  A term used in the Plan, whether or not capitalized, that is not defined in the Plan but that is used or defined in the Bankruptcy Code or the Bankruptcy Rules and has the meaning used or defined in the Bankruptcy Code or the Bankruptcy Rules.

## ARTICLE 2 – UNCLASSIFIED ALLOWED CLAIMS

## AND THEIR TREATMENT

In accordance with §§1123(a)(1) and 1129(a)(9) of the Bankruptcy Code, allowed claims of the kind described in §§507(a)(1) and 507(a)(8) of the Bankruptcy Code are unclassified under the Plan and are treated in the manner set forth below.

2.1    <u>Administrative Allowed Claims and Expenses</u>.  The holder of an Allowed Claim of the kind described in §507(a)(1) of the Bankruptcy Code, including, but not limited to, an Allowed Claim entitled to payment under §503(b) of the Bankruptcy Code, shall, unless the holder of such Allowed Claim agrees to a different treatment, receive from Debtor on the Effective Date Cash equal to the amount of such Allowed Claim, except that:

2.1.1    Any professional employed at the expense of the Estate of the Debtor and entities that may be entitled to an allowance of fees and expenses from the Estate under §503(b)(2) through (6) of the Bankruptcy Code shall, unless otherwise agreed, receive from Debtor Cash at a time and in an amount determined by Final Order entered pursuant to §§328, 330 or 331 of the Bankruptcy code, or §§503(b)(2) through (6) of the Bankruptcy Code, allowing and authorizing payment of such fees and expenses; and

2.1.2    Administrative expenses incurred by the Debtor during the Reorganization Case and prior to the Effective Date which are payable in the ordinary course of business after the Effective Date shall be paid by the Debtor in the ordinary course of business after the Effective Date.

2.1.3    The holder of a Claim that becomes an Allowed Claim described in this Article 2.1 of the Plan after the Effective Date shall receive from the Debtor Cash equal to the amount of such Allowed Claim on the date the Claim becomes such an Allowed Claim.

## ARTICLE 3 - CLASSIFIED ALLOWED CLAIMS

3.1    General.

3.1.1    Inclusion in Classes.    All Allowed Claim, other than Allowed Claims treated under Article 2 of the Plan, are included in the Classes set forth below.  An Allowed Claim is in a particular Class only to the extent that it qualifies within the description of such Class and is in a different Class to the extent that it qualifies within the description of that different Class.

3.2    Classes of Allowed Claims.  The Plan divides the allowed claims of creditors and entered into six classes.

3.2.1    Class I Secured Claim of Bank Midwest.    Class I consists of the claim by Bank Midwest (the "Bank") which is secured by a security interest in Debtor's real and personal property.  Based upon the Bank's payoff statement received by the Debtor on December 30, 2009, and the amount received by the Bank from the sale of the Phase 3 property, the Debtor states that the total principal amount of the Bank's secured claim as

of February 1, 2010 is $2,719,784.06.[1]   Class I is an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

3.2.2   Class II Secured Claim by the City of Kansas City.  Class II consists of the claim of the City of Kansas City in the amount of $201,400 which is secured by a lien on the Debtor's real estate and which is second to the Deed of Trust lien held by Bank Midwest.  The Class II creditor is not an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

3.2.3   Class III General Unsecured Claims Without Priority.  Class III consists of all general unsecured creditor claims not entitled to any priority.  Class III is an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

3.2.4   Class IV Unsecured Contingent Claims of Golf Members.   Class IV consists of the Unsecured Contingent Claims of the Golf Club Members. Class IV is an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

3.2.5   Class V Unsecured Claims of Affiliates.  Class V consists of the claims of the Debtor's affiliated entities (claim by Double O in the amount of $574,364.00 and

---

[1] The balance due on the Bank Midwest claim as calculated from the bank's payoff statement of December, 30 2009 with the following adjustments is as follows:

| | |
|---|---:|
| Payoff Amount on 12/30/09 | $3,850,887.19 |
| Per diem for 12/31/09 | $738.12 |
| Appraisal Cost and other expenses | $28,373.40 |
| Proceeds received as of 12/31/09 | ($1,326,342.53) |
| Total loan balance as of 1/1/10 | $2,553,656.18 |
| Per diem from 1/1/10 to 1/26/10 @ $511.44 per day | $13,297.46 |
| Taxes advanced on 1/26/10 add to loan Principal Balance | $150,663.97 |
| Principal Loan Balance as of 1/26/10 | $2,704,320.15 |
| Per diem from 1/27/10 to 1/31/10 @ $541.62 per day | $2,166.46 |
| Total Interest due as of 1/31/10 = $2,166.46 + $13,297.46 | $15,463.92 |
| Total Principal Balance as of 1/31/10 | $2,704,320.15 |
| Total loan balance including interest as of 2-01-10 | $2,719,784.06 |

8

claim by KAH Legacy Holding, Co. in the amount of $954,565.00). Class V is an

impaired class within the meaning of Section 1124 of the Bankruptcy Code.

    3.2.6   <u>Class VI Interest of the Member and Owner of Debtor</u>. Class VI consists

of the interest of the members and owners of Debtor.

**ARTICLE 4 – TREATMENT OF CLASSIFIED**

**ALLOWED CLAIMS AND MEANS OF EXECUTING THE PLAN**

4.1    <u>General</u>.

    4.1.1   <u>Inclusion in Classes</u>. All Allowed Claim, other than Allowed Claims

treated under Article 2 of the Plan, are included in the Classes set forth below. An Allowed

Claim is in a particular Class only to the extent that it qualifies within the description of such

Class and is in a different Class to the extent that it qualifies within the description of that

different Class.

4.2    <u>Classes of Allowed Claims</u>. The Plan divides the allowed claims of creditors and

entered into six classes.

    4.2.1   <u>Class I Secured Claim of Bank Midwest</u>. Class I consists of the claim by

Bank Midwest (the "Bank") which is secured by a first position security interest on all of

the Debtor's real and personal property. Debtor intends to pay this claim at a market rate.

Beginning on the effective date the Debtor will make monthly payments of interest and

principal based upon a twenty five (25) year amortization schedule with interest accruing

at the current prime rate plus 1% with interest adjusted annually which results in a

monthly payment of $14,734.11. The loan will mature and be fully payable upon the fifth

anniversary effective date of the Plan. The Debtor would start making these payments to

the Bank on the Effective Date and each and every month thereafter unless otherwise

9

agreed to by the Debtor and the Bank. Repayment of Class I will be secured by liens in the same property as this obligation was secured prepetition.  Terms contained in the Class I creditor's prepetition loan documents, including but not limited to terms regarding interest rates, amount and timing of payment, financial covenants, defaults and all other terms not specifically provided in the Plan will not control after confirmation of the Plan and the creditor will retain only the rights set forth in the Plan.  Class I is an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

4.2.2   Class II Secured Claim by the City of Kansas City.  Class II consists of the claim of the City of Kansas City in the amount of $201,400 which is secured by a lien on the Debtor's real estate and which is second to the Deed of Trust lien held by the Bank. This claim will be paid in full in accordance with the terms of the Settlement Agreement dated April 30, 2009 and entered into by and between the Debtor and the City of Kansas City.  The Settlement Agreement calls for a payment to be made in the amount of $50,000.00 on July 31, 2010, and on the 31st day of July of each year through 2013. None of the terms of the Settlement Agreement are being affected by the Plan. The Class II creditor is not an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

4.2.3   Class III General Unsecured Claims Without Priority.  Class III consists of all general unsecured claims not entitled to any priority.  Class III claims shall be paid in cash 100% of their allowed amount without interest as follows:  The Debtor will make a distribution in the total sum of $15,000 to be paid on a pro-rata basis to the Class III creditors ninety days after the Effective Date, and the same $15,000 distribution pro rata every quarter thereafter until the Class III creditors are paid in full. The scheduled sum of

the Class III creditors is in the aggregate approximate amount of $101,654.56. Class III is an impaired class within the meaning of Section 1124 of the Bankruptcy Code.

4.2.4   Class IV Unsecured Contingent Claims of Golf Members.   Class IV consists of the Unsecured Contingent Claims of the Golf Club Members. Class IV is an impaired class within the meaning of Section 1124 of the Bankruptcy Code. The Class IV creditors will be paid in accordance with the refund provisions of the Membership Agreement.

4.2.5   Class V Unsecured Claims of Affiliates.   Class V consists of the claims of the Debtor's affiliated entities (claim by Double O in the amount of $574,364.00 and claim by KAH Legacy Holding, Co. in the amount of $954,565.00). Class V claims will not be paid under the Plan until after the Class I through Class III claims are paid in full. Class V is an impaired class within the meaning of Section 1124 of the Bankruptcy Code, but the Class V claims will not be eligible to vote on the Plan.

4.2.6   Class VI Interest of the Member and Owner of Debtor.   Class VI consists of the interest of the members and owners of Debtor.  This interest will not be modified by the Plan.

### ARTICLE 5 – TREATMENT OF EQUITY INTERESTS

5.1   The holder of equity interests in Debtor shall retain its equity interests in shares of stock in the Reorganized Debtor equal to the number of shares of stock it held in Debtor prepetition.

11

## ARTICLE 6 – GOVERNACE OF THE DEBTOR

6.1    Subsequent to the Confirmation Date, the affairs of the Debtor shall be managed by the Debtor and shall be conducted in the ordinary course.

## ARTICLE 7 – DISHCARGE OF CLAIMS AND DEBTS

7.1    <u>Discharge of Claims and Debts</u>.  Except as otherwise expressly provided in the Plan, the Confirmation Order or any Final Order with respect to any particular Allowed Claim made pursuant to an agreement or stipulation entered into by the Debtor and the holder of that Allowed Claim, the entry of the Confirmation Order shall, on the Effective Date, discharge and release the Debtor and its Estate and all property of the Debtor and its Estate from any and all Claims, debts and Liens that arose before the Confirmation Date and any and all Claims and debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, including, but not limited to, any Claim or debt based on a deficiency, whether or not:

7.1.1    A Proof of Claim based on such Claim or debt is filed or deemed filed under §1111(a) of the Bankruptcy Code;

7.1.2    Such Claim or debt is an Allowed Claim; or

7.1.3    The holder of such Claim or debt has accepted the Plan.

The confirmation of the Plan does not discharge the Debtor from any debt excepted from discharge under 11 U.S.C. §523.

7.2    <u>Effect of Discharge</u>.    The discharge and release provided for under Article 6.1 of the Plan shall have the effects set forth in the Bankruptcy Code, including, but not limited to:

12

7.2.1   Voiding any judgment obtained against the Debtor on any discharged Claim or debt;

7.2.2   Operating as an injunction against the commencement or continuation of any action, employment of process or any act to collect, recover or offset any discharged Claim or debt; and

7.2.3   Operating as an injunction against the commencement or continuation of any action, the employment of process or any act to collect, recover or offset any Claim or debt against any property of the Debtor or its Estate except as otherwise permitted by the Plan or Confirmation Order.

## ARTICLE 8 – EXECUTORY CONTRACTS

8.1   <u>Assumption</u>.   All executory contracts and unexpired leases of the Debtor which have not been previously rejected shall be assumed upon the Effective Date.

## ARTICLE 9 – MEANS FOR EXECUTION OF THE PLAN

9.1   <u>Operation of the Debtor's Business</u>.   Following confirmation of the Plan, the Reorganized Debtor will retain all of the property of the Estate, and Reorganized Debtor will continue to operate the business in the ordinary course in order to earn funds sufficient to fund payments under the Plan. All property of the Debtor and the Chapter 11 Estate shall be vested in the Reorganized Debtor free and clear of all Liens, Claims, encumbrances or restrictions except as otherwise provided in the Plan for secured Claims or the Final Order confirming the Plan. Debtor may use, sell, acquire, lease or otherwise dispose of his property only in accordance with the Plan and the Final Order confirming the Plan, but shall otherwise be free of any restrictions

imposed by the Court, the Bankruptcy Code, the Bankruptcy Rules or the Office of the United States Trustee.

9.2    Funds to Carry Out the Plan.    In order to carry out the terms of this Plan, Debtor intends to use the net available after tax income derived from operation of the business in the ordinary course. In addition, the Debtor may borrow funds under the $100,000 Line of Credit or from other sources from time to time as may be necessary to operate the business and the property of the Estate or to make payments under the Plan. Any such loans shall not subordinate the interests of existing secured creditors their respective collateral.

## ARTICLE 10 – MODIFICATION OF PLAN

10.1    Amendments Prior to Confirmation Date.    Modifications or amendments to this Plan may be proposed in writing by the Debtor at any time before the Confirmation Date, provided that this Plan, as modified, meets the requirements of the Bankruptcy Code.

10.2    Amendments After Confirmation.    This Plan may be modified by the Debtor at any time after the Confirmation Date and before its substantial consummation, provided that this Plan, as modified, meets the requirements of the Bankruptcy Code and that the Court, after notice and hearing, confirms this Plan, as modified.

10.3    Effect on Claims.    A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, this Plan, as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE 11 – JURISDICTION OF THE BANKRUPTCY COURT

11.1    <u>Retention of Jurisdiction by the Bankruptcy Court</u>.    After the Confirmation Date and after the Effective Date, the Bankruptcy Court shall retain and have the authority and jurisdiction as is allowed under Title 28 of the United States Code, the Bankruptcy Code or other applicable law, and shall retain and have authority and jurisdiction over any proceedings which relate to:

11.1.1    Claims, Interests, or rights in, Liens on, or title to property of the Debtor or its Estate, including, but not limited to, any equitable relief requested in connection therewith;

11.1.2    The assumption or rejection of executory contracts or unexpired leases and any Claims related thereto;

11.1.3    Any right, title, power, duty or action of the Debtor, its Estate or any order with respect thereto;

11.1.5    The enforcement, interpretation or modification of the Plan, the Confirmation Order or any document, instrument, agreement or action undertaken in connection with the Plan or the Confirmation Order or any order entered in the Reorganization Case before or after the Effective Date;

11.1.6    The entry of any order in aid of confirmation of the Plan, including, but not limited to, injunctions necessary to enforce the right, title and powers of the Debtor;

11.1.7    Claims arising from any agreement, lease, contract, sale, purchase or other action undertaken by the Debtor or its Estate on or prior to the Effective Date;

15

11.1.8   Claims of the Debtor or its Estate and the enforcement, settlement or adjustment of such Claims, including, but not limited to, any equitable relief requested in connection with such Claims. Such Claims include without limitation all adversary proceedings initiated by the Debtor in the Bankruptcy Court under Bankruptcy Rule 7001;

11.1.9   The enforcement, settlement or adjustment of any of the rights and powers set forth in the Bankruptcy Code, including, but not limited to, the rights and powers set forth in §§ 502, 503, 505, 506, 510, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code;[2]

11.1.10   The classification, voting, treatment, allowance, estimation, withdrawal, disallowance or reconsideration of Claim or Interests and any objections relating thereto;

11.1.11   The fixing or liquidation of Claims or Interests;

11.1.12   Administration of the Estate;

11.1.13   Taxes, tax refunds, tax attributes and tax benefits and similar or related matters with respect to the Debtor and its Estate arising prior to the Effective Date or relating o the period of administration of the Reorganized Case;

11.1.14   Applications for compensation and reimbursement or payment of expenses incurred before or after the Effective Date to the extent provided under the Bankruptcy Code, the Bankruptcy Rules, the Plan or the Confirmation Order;

11.1.15   The entry of an order closing the Reorganization Case; and

---

[2] Upon a review of the Debtor's payment history of its accounts, the Debtor does not believe there are any significant or material preference payments which may be recovered under Section 547 of the Bankruptcy code or other material transactions which may be avoided pursuant to the provisions of the Bankruptcy Code.

11.1.16    Such other matters or proceedings as may be provided for under Title 28 or any other title of the United States Code, the Bankruptcy Code, the Bankruptcy Rules, other applicable law, the Plan or the Confirmation Order.

11.1.17    Until a Final Decree is entered, Debtor will pay statutory fees due pursuant to 28 U.S.C. § 1930.

## ARTICLE 12- GENERAL PROVISIONS

12.1    <u>Notices</u>.    All notices required to be made in or under this Plan shall be in writing and, if by telegram, telex or telecopied, shall be deemed to have been given when sent and, if mailed, shall be deemed to have been given five (5) days after the date when mailed by registered or certified mail, postage prepaid, and addressed at follows

|  |  |
|---|---|
| If to the Debtor: | Michael Montague<br>General Manager<br>10310 N. Olive Avenue<br>Kansas City, Missouri 64155 |
| With a copy to: | Dunn & Davison, LLC<br>Attn: Thomas G. Stoll<br>1100 Walnut Street, Suite 2900<br>Kansas City, Missouri 64106 |

or at such other address as a party may have designated as its address for such purpose, or at any address of such party appearing in the record of the party giving notice.

12.2    <u>Headings</u>.    The article and section headings used in this Plan are inserted for convenience and reference only and neither constitute a part of this Plan nor in any manner affect the terms, provisions or interpretations of this Plan.

12.3 <u>Severability</u>.   Should any term or provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other term or provision of this Plan.

12.4 <u>Governing Law</u>.   Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by, and construed and enforced in accordance with, the internal laws of the states of Missouri and Kansas, as applicable.

12.5 <u>Successors and Assigns</u>.   The rights and obligations of any entity named or referred to in this Plan shall be binding upon and shall insure to the benefit of the successors and assigns of such entity.

**PREMIER GOLF MISSOURI, LLC**

By:  KAH Legacy Holding, LLC, Member


By:  ___*s/ Martin P. Ostronic*___
      Martin P. Ostronic, Manager


**DUNN & DAVISON, LLC**

By: ___*s/ Thomas G. Stoll*___
Thomas G. Stoll, MO Bar # 34057
1100 Walnut, Suite 2900
Kansas City, MO  64106
(816) 292-7600 Telephone
(816) 292-7601 Facsimile
tstoll@dunndavison.com
ATTORNEYS FOR DEBTOR

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was, on this 1st day of February, 2010, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice.

_s/ Thomas G. Stoll_
Thomas G. Stoll